IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA J. JONES, *doing business as* JONES LAW FIRM | § § § § | PLAINTIFF |
| v. | § § | Civil No. 2:22-cv-169-HSO-BWR |
| HIGH RISE FINANCIAL LLC AND MIKE MACKIE, *individually* | § § § § § | DEFENDANTS |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court sua sponte to consider its subject-matter jurisdiction. After due consideration of the Complaint and relevant legal authority, the Court finds that Plaintiff Vanessa J. Jones, doing business as Jones Law Firm, has not met her burden of demonstrating that federal subject-matter jurisdiction exists, and as such this case should be dismissed without prejudice.

I. BACKGROUND

On December 29, 2022, Plaintiff Vanessa J. Jones, doing business as Jones Law Firm ("Plaintiff"), filed a Complaint [1] in this Court invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Compl. [1] at 1-2. No federal question is apparent on the face of the Complaint [1].

The pleading advances state-law claims for defamation and breach of contract against Defendants High Rise Financial LLC and Mike Mackie, individually (collectively "Defendants"). *Id.* at 3-4. Plaintiff alleges that Defendants wrote "an intentional [sic] fabricated and false statement" to the Mississippi Bar

which resulted in "severe professional, personal and emotional harm" to Plaintiff. *Id.* at 1-2. She also asserts that Defendants breached an arbitration agreement included in an attorney acknowledgement contract when they filed a complaint with the Mississippi Bar against Plaintiff. *Id.* at 3-4. She seeks "compensatory damages of not less than one million dollars," punitive damages, attorneys' fees, "an injunction prohibiting the Defendants from writing any statements that are judicially determined to be defamatory," and an order compelling arbitration. *Id.* at 4.

## II. DISCUSSION

A. Relevant legal authority

A federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). Federal courts are courts of limited jurisdiction and "must presume that a suit lies outside this limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party seeking to invoke the Court's jurisdiction bears the burden of establishing that subject-matter jurisdiction exists. *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 356 (5th Cir. 2017).

Pursuant to 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

2

value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). This statute requires complete diversity of citizenship between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). To establish complete diversity, the party invoking the Court's jurisdiction must "*distinctly* and *affirmatively* allege[]" the citizenship of all parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988) (emphasis in original) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). When the party seeking the Court's jurisdiction fails to carry this burden, the Court must dismiss the case. *Howery*, 243 F.3d at 919.

For purposes of determining diversity of citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In contrast, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, the "party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). This requires identifying the members of the limited liability company and alleging their citizenship. *MidCap Media Fin., L.L.C.*, 929 F.3d at 314. As for individuals, their citizenship is based on their state of domicile. *Id.* at 313.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "But § 1653 'addresses only incorrect

3

statements about jurisdiction that actually exists'; it doesn't provide a mechanism for parties to remedy 'defects in the jurisdictional facts themselves.'" *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989)). A court can overlook a plaintiff's "failure to plead diversity *if* [the plaintiff] can identify allegations and evidence in the record demonstrating diversity." *Id.* (quoting *Howery*, 243 F.3d at 919) (emphasis in original). However, without some evidence of diversity, a court "cannot find diversity jurisdiction" and "must dismiss the action for lack of jurisdiction." *Id.* at 314-15 (quoting *Howery*, 243 F.3d at 919-20).

B.  Analysis

Though Plaintiff references an arbitration agreement and requests that the Court enter an order compelling arbitration, Compl. [1] at 3-4, "Section 4 [of the Federal Arbitration Act, 9 U.S.C. § 4] provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute" and "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983); *Aptim Corp. v. McCall*, 888 F.3d 129, 139 (5th Cir. 2018). Plaintiff solely relies on diversity of citizenship as the basis for subject-matter jurisdiction over her claims for defamation and breach of contract. *See* Compl. [1] at 1.

Plaintiff alleges that she is a citizen of Mississippi but has not sufficiently pled the citizenship of either Defendant. *See id.*; *Harvey*, 542 F.3d at 1080; *MidCap Media Fin., L.L.C.*, 929 F.3d at 313. Regarding Defendant High Rise Financial LLC,

4

the Complaint [1] lacks information concerning the identity or citizenship of its members. Compl. [1] at 1. Plaintiff merely states that High Rise Financial LLC is "organized and existing under the laws of the State of California, with its principal office located at 11110 Ohio Avenue #207, Los Angeles, CA 90025," *id.*, but providing only the place of incorporation and principal office for a limited liability company is insufficient to properly allege its citizenship, *see MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (holding that allegations that a limited liability company "was organized and existing under the laws of the State of Texas and had its principal place of business in Texas" were inadequate to allege its citizenship (quotation omitted)). By failing to identify High Rise Financial LLC's members and allege their citizenship, Plaintiff has not "distinctly and affirmatively allege[d] the citizenship" of High Rise Financial LLC, as required to maintain a diversity action. *Howery*, 243 F.3d at 919 (quotation omitted); *see Harvey*, 542 F.3d at 1080.

Regarding Defendant Mike Mackie, an individual, the Complaint [1] lacks any reference to his place of domicile. *See* Compl. [1]. It alleges only that Mike Mackie "is an agent of High Rise Financial" who "may be served with process" at "11110 Ohio Avenue #207, Los Angeles, CA 90025," the same address claimed to be the principal office of High Rise Financial LLC. *Id.* at 1. These assertions are wholly inadequate to establish his citizenship. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 313.

Without sufficient allegations as to the citizenship of Defendants, the Court cannot determine whether complete diversity is present. While defective allegations of jurisdiction may be amended under 28 U.S.C. § 1653, this applies only to

"incorrect statements about jurisdiction that actually exists," not to "defects in the jurisdictional facts themselves." *MidCap Media Fin., L.L.C.*, 929 F.3d at 314 (quoting *Newman-Green, Inc.*, 490 U.S. at 831). The jurisdictional facts as alleged in Plaintiff's Complaint [1] offer no evidence or any other basis from which the Court can conclude that subject-matter jurisdiction exists. Accordingly, this matter will be dismissed without prejudice for lack of subject-matter jurisdiction. *See id.*

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SO ORDERED AND ADJUDGED**, this the 3rd day of January, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE